UNITED STATES of America, Plaintiff,

v.

Timothy Clark PIACITELLI, Defendant.

No. 91–69–02–CR–4–BO.

United States District Court,
E.D. North Carolina,
New Bern Division.

Sept. 4, 1991.

R.E. Breckenridge, Sp. Asst. U.S. Atty., Office of the Staff Judge Advocate, Camp Lejeune, N.C., for plaintiff.

Thomas N. Cochran, Asst. Federal Public Defender, Raleigh, N.C., for defendant.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter comes before the undersigned United States District Judge on the defendant's motion to suppress evidence seized pursuant to a warrantless search and evidence seized pursuant to a search warrant. A hearing was held before the court. The court bases its decision on the hearing and the pleadings filed by the parties.

### Statement of Facts

On April 8, 1991, members of the Naval Investigative Service and the Onslow and Carteret County Sheriffs' Departments arrested Shon Patrick Pearce on a warrant. The warrant was issued pursuant to an investigation into thefts of copper and aluminum that were stolen and then sold to salvage yards. When Pearce was arrested he was carrying a clam rake and bucket. He requested that he be allowed to return the rake and the bucket to where they belonged. The officers allowed that and returned him to a residential area located at Route 1, Hubert, North Carolina.

The officers entered a driveway that was the entrance to three mobile homes. When they arrived, Pearce and Deputy Sheriff Hill carried the rake, bucket and an innertube to a shed that belonged to the defendant. As they were placing the items against the shed, Deputy Sheriff Hill noticed on the ground next to the shed a bolt cutter, limb snips, and assorted pieces of copper and aluminum wire. Hill noticed that the wire was heavy gauge and appeared to be charred as if insulation had been burned off the wire. Hill alerted the other officers.

At that time, the defendant exited his mobile home and asked the officers to leave his property. The officers seized the bolt cutters, limb snips, and wire before leaving the property.

At the Sheriff's Department, Pearce was interrogated and he implicated the defendant and himself in a number of thefts of copper and aluminum wire. With this in-formation, the officers obtained from the magistrate search warrants to search the defendant's car, shed and residence.

The defendant argues that the seizure of the goods outside the shed was pursuant to a warrantless search, and was thus illegal and unconstitutional. He alleges further that the search of the defendant's home, car and shed pursuant to the two search warrants was unconstitutional because the warrants were supported by the illegal seizure, and the warrants were on their face defective.

### Conclusions of Law

A. Warrantless Seizure of the Bolt Cutters, Limb Snips and Wire

■ Sheriff Deputy Hill entered the defendant's property with Shon Pearce in order to return the clam rake and bucket that Pearce kept at the defendant's residence. The defendant testified that he gave Pearce permission to keep his clamming equipment at his house, and that Pearce could enter the defendant's property at any time to retrieve it or drop it off. Deputy Hill was lawfully on the property. Pearce had a right to enter the property to replace the rake and bucket, Pearce was in the custody of Deputy Hill, and Hill was merely following along to ensure that Pearce stayed in his custody.

The United States Supreme Court addressed a very similar situation in *Washington v. Chrisman*, 455 U.S. 1, 102 S.Ct. 812, 70 L.Ed.2d 778 (1982). In *Chrisman*, a student was carrying a bottle of gin and was stopped by a police officer who asked for his proof of age. The student asked the officer if he could go to his dorm room to get his identification. The officer agreed and accompanied him to his room. Upon entering the dorm room, the officer observed marijuana seeds and paraphernalia in plain view. The Supreme Court held that it was not unreasonable for a police officer to monitor the movements of an arrested person as his judgment dictates. The officer has the right to remain literally at the arrestee's elbow at all times and a showing of exigent circumstances was not necessary.

Accordingly, Pearce was authorized to enter the land and Deputy Hill was entitled to enter the property with him. The objects that Hill saw on the defendant's property were in plain view and Hill believed them to be contraband. "The 'plain view' exception to the Fourth Amendment warrant requirement permits a law enforcement officer to seize what clearly is incriminating evidence or contraband when it is discovered in a place where the officer has a right to be." *Chrisman*, 102 S.Ct. at 816. (citations omitted.) The items were on the ground next to the shed very near where Pearce kept his rake and bucket. Hill did not look inside the shed. He simply looked on the ground next to the shed where he spotted the evidence. Furthermore, the officers were investigating thefts of copper and aluminum wire, and believed that the bolt cutters and wire could be evidence of those thefts.

B. The Search Warrants

The court has found that the officers were lawfully on the defendant's property and lawfully seized the items that were in plain view. Thus, the search warrants obtained following this seizure were not tainted as a result of that seizure.

■ The defendant next asserts that the search warrants were not supported by probable cause, and that the facts upon which the magistrate made his decision were insufficient.

After Pearce was taken to the Sheriff's Department and interrogated, he confessed and implicated the defendant. After Pearce gave his statement, Lieutenant Boyce Floyd of the Onslow County Sheriff's Department prepared two search warrants. Along with the warrants Lt. Floyd prepared an affidavit. On their face the affidavit is not sufficient for a determination of probable cause. The allegations in the affidavit are conclusory. On its face, it does not allege enough facts for this court to determine that they were supported by probable cause.

Nevertheless, the searches and subsequent seizures were lawful. *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) articulates an exception to the exclusionary rule that the evidence need not be suppressed where police obtain the evidence through an objective good faith reliance on a facially valid warrant that is later found lacking in probable cause.

■ The officers relied on the warrants to search the defendant's property and car. They believed in good faith that the warrants were valid. There was no evidence presented that the officers believed that they were not justified in their reliance on the search warrant. Since the court has determined that the officers objectively believed in the validity of the warrant, the court does not have to resolve whether the affidavits established probable cause. *United States v. Edwards*, 798 F.2d 686 (4th Cir.1986). The good faith reliance standard is denied only when the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. *Leon*, 468 U.S. at 923, 104 S.Ct. at 3420–3421.

In this case, the officers obtained enough information from their being on the defendant's property and from their interrogation of Pearce to make out a sufficient affidavit. The fact that they may have been inartful in preparing the affidavit will not preclude their good faith in executing the warrant.

*Conclusion*

The officers were lawfully on the defendant's property and saw the contraband in plain view. Furthermore they had a good faith reliance on the search warrants signed by the magistrate. Accordingly, the defendants motion to suppress the evidence seized is hereby DENIED.

SO ORDERED.